[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10740
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00107-MHC-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN RIOS-GALICIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Rios-Galicia appeals his 24-month sentence, imposed at the low end of the advisory guideline range, which the district court imposed after he pled guilty to a single count of illegal re-entry into the United States after having been previously deported. For the reasons set forth below, we affirm.

I.

After Rios pled guilty to a single count of illegal reentry, the probation office prepared a presentence investigation report ("PSI"), which noted that he had numerous prior convictions and had been deported to Mexico twice. The PSI reported that although Rios told the probation officer that he was born in the United States, a PSI in a prior illegal reentry case of his said Rios had stated that he was born in Mexico. Rios also told his probation officer that, after a previous deportation in 2011, he was kidnapped and tortured by Mexican cartel members. In addition, the PSI noted that Rios and his siblings, all of whom are United States citizens, grew up together in the United States. He also had a wife and children living in the United States. The PSI calculated Rios's total offense level as 13 and set his criminal history at a category of IV, resulting in a guidelines range of 24 to 30 months' imprisonment with a statutory maximum sentence of 20 years.

At sentencing, Rios objected to the PSI insofar as it reported that he was not a United States citizen. The district court overruled the objection, noting that Rios had pled guilty and, in so doing, admitted that the government could prove that he

2

was not a citizen, a fact to which he had offered no evidence to the contrary.  The district court adopted the PSI's guidelines calculation and imposed a sentence of 24 months' imprisonment plus three years' supervised release.  The district court noted that it lacked any authority to say that Rios was a United States citizen or ensure that he would not suffer harm in Mexico; all the court could do was consider Rios's illegal reentry and the factors set forth in 18 U.S.C. § 3553(a).

The district court opted to impose a sentence at the bottom of the applicable guidelines range—a lower sentence than the 30 months Rios received for his previous illegal reentry conviction—based on his need to be with his family, but the court declined to give only supervised release given his prior criminal history and the need for punishment and deterrence.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the

defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015). That a sentence falls at the low end of the guideline range and well below the statutory maximum are two indications of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc). Although generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court,

4

*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted).  We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190.

## III.

The district court's 24-month sentence was substantively reasonable.  Rios's sentence adequately reflects the nature and circumstances of his offense as well as his personal history and characteristics.  The district court considered that on the one hand, Rios had already been deported twice, his criminal history spanned several years, he did not stop engaging in criminal activity after his most recent deportation, and he should be deterred from again illegally reentering the country.  On the other hand, Rios grew up and built a family in the United States, and the crimes for which he was arrested after his most recent reentry were less serious than the offenses in his criminal history.  By arriving at a sentence of 24 months—the bottom of the applicable guidelines range and six months less than Rios

5

received for his previous illegal reentry conviction—the district court was well within its discretion.  Thus, we affirm Rios's sentence.

**AFFIRMED.**